## CHRISTINE E. O'NEIL
*vs.*
## IMMACULATE CONCEPTION CHURCH CORP.

Superior Court      Hartford County      File No. 61870

MEMORANDUM FILED NOVEMBER 12, 1941.

*Cole & Cole*, of Hartford, for the Plaintiff.

*Pelgrift & Blumenfeld,* of Hartford, for the Defendant.

BALDWIN, J. Plaintiff's complaint sets up a cause of action based upon "the negligence and carelessness of the defendant, its servants, agents or employees", in the maintenance of the exit to its church, as a result of which, she, an invitee, was injured.

The answer, in a special defense, alleges that the defendant is a charitable institution having no capital stock, and that the members can derive no profit from its operations. The plaintiff demurs on several grounds, the first of which is general and is overruled. The second and third grounds of the demurrer are that the negligence alleged in the complaint is corporate as distinguished from personal negligence, that the duty neglected was a corporate or administrative duty and one which could not be delegated to any servant, agent or employee.

In substance the neglect complained of in the complaint is the failure of the defendant to keep the steps of its front exit free from a slippery and icy condition. The duty neglected is not a corporate or administrative duty as claimed. So far as my observation has gone over a period of years, corporations have not kept the steps of the exits of their buildings free from an icy and slippery condition by any corporate or administrative act, but have done so—when done —by delegating the duty to its servants, agents, or employees.

The second and third paragraphs of the demurrer are overruled.

The fourth paragraph of the demurrer sets forth a failure to allege the existence of a legal relationship between the parties which would relieve the defendant of liability and the fifth paragraph rests upon the claim that the public policy of the State does not relieve the defendant from liability for its negligence.

In *Cohen vs. General Hospital Society,* 113 Conn. 188, the plaintiff, an invitee, was injured as a result of negligence. In

a second defense the defendant alleged that it was a public charitable corporation specially chartered by the State for the purpose of maintaining a general hospital for the relief of the poor and suffering, and that all of its income and property was held in trust for and devoted to that particular charitable purpose and claimed immunity from liability for injury resulting from negligence. At page 191 the court said: "A charitable corporation, which is not a State institution engaged in the performance of a governmental duty, is not entitled to immunity from liability for its tortious acts because of the public character of the charity it dispenses."

At page 193 of the opinion the court said: "If it be conceded, as we think it must, that the enforcement of the individual's right to recover from a charitable corporation for its tortious acts will not deprive the public of the benefits of such institutions, we fail to see upon what ground it can be said that public policy requires that a charitable corporation should be granted absolute immunity from tort liability."

And at pages 199 and 200 the opinion continues as follows: "In view of our conclusion that the eleemosynary character of the defendant corporation does not afford it immunity from liability to an invitee for the tortious acts of its servants and agents, it becomes unnecessary to discuss the question as to whether the complaint alleges the failure to discharge a non-delegable duty, and the consequent claim of the plaintiff that the defendant was for that reason liable for its corporate negligence.

"The facts alleged in the defenses demurred to do not constitute a good defense to the cause of action set up in the complaint, and the demurrer thereto should have been sustained."

The fourth and fifth paragraphs of the demurrer are sustained.

The sixth and seventh paragraphs of the demurrer are based upon a supposition that the defendant carries liability insurance and they include no ground upon which they may be sustained.

The first, second, third, sixth and seventh paragraphs of the demurrer are overruled. The fourth and fifth paragraphs are sustained.